JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-01119-SGL(RCx)                          Date:  June 19, 2009

Title:        DEUTSCHE BANK NAT'L TRUST CO. -*v*- PEDRO E. LLAMAS, ET AL.
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

        Cindy Sasse                              None Present
        Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

 None present                            None present

**PROCEEDINGS:    ORDER REMANDING CASE**

        The present action was improperly removed, and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to Riverside County Superior Court.

        Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

        Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law to which the removing defendant intends to assert a federal defense. The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  <u>See Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction.  See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

MINUTES FORM 90                                    Initials of Deputy Clerk __cls_____
CIVIL -- GEN                       1

It is not clear whether the plaintiff and defendants are citizens of different states.  However, the Court's diversity jurisdiction is not implicated because the amount in controversy, which must be in excess of $75,000 (exclusive of interest and costs) to invoke the Court's diversity jurisdiction, is expressly set forth in the complaint as not exceeding $10,000.  See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, defendants, who reports their address as the property at issue in this action (located in Victorville, California), is clearly a forum defendant who may not remove a state-court action in the absence of a federal question.  See 28 U.S.C. § 1441(b).

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to the Riverside County Superior Court.

The Clerk shall close the case.

**IT IS SO ORDERED.**